#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF TEXAS
#### HOUSTON DIVISION

| | | |
|---|---|---|
| LEENIECY SMITH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-2021 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | § § § | |
| Defendant. | § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

### PRELIMINARY STATEMENT

1.      Plaintiff LEENIECY SMITH, hereinafter referred to as "Plaintiff," brings this ERISA action against Life Insurance Company of North America, in its capacity as Administrator of the Banner Health Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with Banner Health.

### PARTIES

2.      Plaintiff is a citizen and resident of Surprise, Arizona.

3.      Defendant is a properly organized business entity doing business in the State of Texas.

4.      The disability plan at issue in the case at bar was funded and administered by Defendant.

5.     Defendant is a business entity doing business in the Southern District of Texas.  Defendant may be served with process by serving its registered agent, C T Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6.     This court has jurisdiction to hear this claim pursuant to 28 U.S.C. ' 1331, in that the claim arises under the laws of the United States of America.  Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."   29 U.S.C. § 1132(a)(1)(B).

7.     Venue in the Southern District of Texas is proper by virtue of Defendant doing business in the Southern District of Texas.   Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2).  Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*)  "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979).  *See Sanders v. State Street Bank and Trust Company*, 813 F. Supp. 529, 533 (S.D. Tex. 1993).  The Ninth Circuit, in *Varsic,* concluded that whether a defendant "resides or

may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant. *Varsic*, 607 F.2d at 248." *See Frost v. ReliOn, Inc.*, 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007). Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States. See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 825-26 (5th Cir. 1996)*, citing *Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994)*. Here, Defendant is "found" within the Southern District of Texas, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## **CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective October 1, 2012.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Banner Health at the time of Plaintiff's onset of disability.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, this Court should

consider Defendant's decision to deny disability benefits as an important factor during its review in determining Defendant's abuse of discretion.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

16. Plaintiff is a 42 year old woman previously employed by Banner Health as a "Medical Assistant."

17. Medical Assistant is classified under the Dictionary of Occupational Titles as Medium with an SVP of 4 and considered to be semi-skilled work.

18. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on May 26, 2017, as on this date Plaintiff suffered from ankylosing spondylitis.

19. Plaintiff alleges that she became disabled on May 26, 2017.

20. Plaintiff filed for short term disability benefits with Defendant.

21. Short term disability benefits were granted.

22. Plaintiff filed for long term disability benefits through the Plan administered by the Defendant.

23. On January 15, 2020, Defendant denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.

24. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation."

25. If granted the Plan would pay monthly benefits of $1,404.94.

26. On July 13, 2020, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

28. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

29. Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

30. Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

31. On or about September 25, 2019, Defendant's internal consultant, Dennis W. Korpman, M.D., MPH, FAAFP, aFAsMA, family medicine and occupational medicine, performed a paper review of Plaintiff's claim file.

32. On or about October 7, 2019, Defendant's internal consultant, Randall Norris, MS, CRC, CCM, rehabilitation specialist, performed a paper review of Plaintiff's claim file.

33. On or about October 10, 2019, Defendant's internal consultant, Dennis W. Korpman, M.D., MPH, FAAFP, aFAsMA, family medicine and occupational medicine, prepared an addendum to his paper review of Plaintiff's claim file.

34. On or about January 8, 2020, Defendant's internal consultant, Cindy A. Herzog, MS, CRC, rehabilitation specialist, performed a paper review of Plaintiff's claim file.

35. On or about September 2, 2020, Defendant's paid consultant, Jordan Klein, M.D., physical medicine and rehabilitation, performed a peer review of Plaintiff's claim file.

36. On or about September 10, 2020, Defendant's internal consultant, Perry Glaze, MS, CRC, rehabilitation specialist, performed a paper review of Plaintiff's claim file.

37. On or about September 18, 2020, Defendant's paid consultant, Jordan Klein, M.D., physical medicine and rehabilitation, prepared an addendum to his peer review of Plaintiff's claim file.

38. There is an indication that a "Jessica Biordi, RN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

39. There is an indication that a "Beth Dorr, RN, BSN, CCM" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

40. There is an indication that a "Jaqueline Jenkins, RN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

41. There is an indication that a "Andrew Nester, RN, BSN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

42. There is an indication that a "Robin Randol, MA, CRC," vocational rehabilitation counselor, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

43. There is an indication that a "Colleen Rodriguez, RN, BSN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

44. There is an indication that a "Melissa Stout, RN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

45. There is an indication that a "Barbara Webb, RN, CCM" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

46. Defendant's consultants completed their reports without examining Plaintiff.

47. On November 5, 2020, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

48. Defendant also notified Plaintiff on November 5, 2020 that Plaintiff had exhausted her administrative remedies.

49. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

50. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

51. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

52. Plaintiff suffers from back pain; chronic lumbar radiculopathy; ankylosing spondylosis; lumbar and cervical spondylosis; chronic low back pain, fatigue and lower extremity weakness; opioid dependency; and arthritis of irritable bowel disease.

53. Treating physicians document continued chronic back pain, radicular symptoms, as well as decreased range of motion and weakness.

54. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

55. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

56. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

57. Physicians have prescribed Plaintiff with multiple medications, in an effort to address her multiple symptoms.

58. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

59. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, meaning an 8-hour day, day after day, week after week, month after month.

60. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

61. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

62. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

63. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

## **DEFENDANT'S CONFLICT OF INTEREST**

64. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

65. Defendant's determination was influenced by its conflict of interest.

66. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

67. The long term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

68. A physical examination, with a full file review, provides an evaluator with

more information than a medical file review alone.

69. More information promotes accurate claims assessment.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

70. Plaintiff incorporates those allegations contained in paragraphs 1 through 69 as though set forth at length herein.

71. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

　　a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

　　b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

　　c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

　　d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II: ATTORNEY FEES AND COSTS

72. Plaintiff repeats and realleges the allegations of paragraphs 1 through 71 above.

73. By reason of the Defendant's failure to pay Plaintiff benefits as due under

the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A.   Grant Plaintiff declaratory relief, finding that she is entitled to all past due long term disability benefits yet unpaid;

B.   Order Defendant to pay past due long term disability benefits retroactive to March 12, 2018 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C.   Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D.   Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E.   For such other relief as may be deemed just and proper by the Court.

Dated:  Houston, Texas
       June 21, 2021

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.

By:    /s/ Selina Valdez         
      Selina Valdez
           Tex. Bar No. 24121872
           Fed. I.D. No. 3633062
           selina@marcwhitehead.com
      Marc S. Whitehead
           Tex. Bar No. 00785238
           Fed. I.D. No. 15465
           marc@marcwhitehead.com
      J. Anthony Vessel
           Tex. Bar. No. 24084019
           Fed. I.D. No. 1692384
           anthony@marcwhitehead.com
      Britney Anne Heath McDonald
           Tex. Bar. No. 24083158
           Fed. I.D. No. 2621983
           britney@marcwhitehead.com
      Madison Tate Donaldson
           Tex. Bar. No. 24105812
           Fed. I.D. No. 3151467
           madison@marcwhitehead.com

      403 Heights Boulevard
      Houston, Texas 77007
      Telephone: 713-228-8888
      Facsimile: 713-225-0940
      ATTORNEY-IN-CHARGE
      FOR PLAINTIFF,
      LEENIECY SMITH